**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matthew Iannitelli<br>　　Plaintiff | CIVIL ACTION |
| v. | CIVIL ACTION NUMBER |
| | SPYBERT |
| Cohen & Slamowitz, LLP;<br>Midland Funding LLC<br><br>　　Defendants | BROWN, M. J.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for statutory damages brought because of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 2201.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Matthew Iannitelli is a natural person residing in the County of Suffolks, State of New York and is a consumer as that term is defined by FDCPA §1692a(3).

5. Upon information and belief, Defendant Cohen and Slamowitz ("Cohen") is a Limited Liability Corporation residing in the State of New York.

6. Upon information and belief Defendant Cohen regularly collects on debts allegedly owed to another and is a debt collector as that term is defined in FDCPA §1692a(6).

7. Upon information and belief, Defendant Midland Funding, LLC ("Midland") is a Limited Liability Corporation, having its primary place of business in California and incorporated in Deleware.

8. Upon information and belief, Defendant Midland regularly purchases debt owed to another and collects on them and is a debt collector as that term is defined n FDCPA §1692a(6).

9. Upon information and belief, the acts of Defendants alleged hereinafter were performed by their respective employees acting within the scope of their actual or apparent authority.

10. Upon information and belief, the acts of Defendant Cohen alleged hereinafter were performed as agent of Defendant Midland acting at all times within the scope of its actual or apparent authority.

*The Alleged Debt*

11. On information and belief, the Defendants stated that the alleged debt originates from a delinquent Citibank credit card and that Citibank USA, N.A. is the predecessor in interest to Midland Funding, LLC. However, the actual nature and existence of the alleged debt is currently unconfirmed.

*State Court Lawsuit in Suffolk County*

12. Defendant Midland, acting through its agent Defendant Cohen, commenced a collection action against Plaintiff on or about July 22, 2011 under index number CV-007557-11/CE in Suffolk County District Court. ("Exhibit 1")

13. On information and belief, Plaintiff was never served and did not receive notice of the action and a default judgment was issued in favor of Defendant Midland and against Plaintiff on or about January 13, 2012 in the amount of $16063.13, which amount included interest and fees.

14. On or about August 7, 2012, Plaintiff filed an Order to Show Cause in District Court of the State of New York, County of Suffolk why the court should not enter an order vacating the January 13, 2012 default judgment and setting the matter down for trial. Among the basis claimed for relief was that Plaintiff was never served. ("Exhibit 2")

15. On or about September 4, 2012, the judgment issued on January 13, 2012 was vacated. ("Exhibit 3")

16. At the time of the filing this instant action there is no state court judgment against Defendant.

*Telephone Harassment on or about November 4, 2011*

17. On information and belief, on or about November 4, 2011, Defendant Cohen telephoned Plaintiff and spoke to Plaintiff's eleven year old daughter. Defendant Cohen stated to Plaintiff's daughter that Plaintiff owed a debt and would go to jail if he did not pay it.

*Telephone Harassment on or about November 8, 2011*

18. On information and belief, on or about November 8, 2011, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen identified herself as Jennifer. Jennifer stated that Defendant Cohen was the attorney for Citibank and that Defendant Cohen would be in contempt of court if he did not pay Citibank.

*Telephone Harassment on or about November 9, 2011*

19.     On information and belief, on or about November 9, 2011, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen identified herself as Jennifer. Jennifer stated that Plaintiff was a "deadbeat."

*Telephone Harassment on or about December 14, 2011*

20.     On information and belief, on or about December 14, 2011, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen identified herself as Jenny. Jenny stated that Plaintiff would be in contempt of court if Plaintiff did not pay what is owed.

*Telephone Harassment on or about December 16, 2011*

21.     On information and belief, on or about December 16, 2011, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen identified herself as Carmen. Carmen stated that Plaintiff would be in contempt of court if Plaintiff did not pay what is owed.

*Telephone Harassment on or about January 16, 2012*

22.     On information and belief, on or about January 16, 2012, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen stated that Plaintiff would be in contempt of court if Plaintiff did not pay what is owed and that Defendant Cohen would take his house if necessary.

*Telephone Harassment on or about April 9, 2012*

23.     On information and belief, on or about April 9, 2012, Defendant Cohen telephoned Plaintiff. The caller for Defendant Cohen stated that his name was Carmen. Carmen stated that Plaintiff would be in contempt of court if he did not make a payment.

*Telephone Harassment on or about April 30, 2012*

24. On information and belief, on or about April 30, 2012, Defendant Cohen placed a telephone call to Plaintiff. The caller refused to give a name. The caller stated that Plaintiff was in contempt of court, told Plaintiff that he was a deadbeat, and that Defendant Cohen was the attorney for Citibank.

*Telephone Harassment on or about August 22, 2012*

25. On information and belief, on or about August 22, 2012, Plaintiff was the recipient of a voicemail from Defendant Cohen on his telephone. The content of the voicemail was that the Plaintiff knew that he was served properly, that Plaintiff must pay the entire amount owed or he will be required to pay the entire amount of $16,000 plus penalties, and that it is only a matter of time before the Defendants collects on Plaintiff.

26. On information and belief, the statement in the August 22, 2012 voicemail that Plaintiff would be required to pay penalties was false.

27. On information and belief, the statement in the August 22, 2012 voicemail that Plaintiff was served properly was false.

28. On information and belief, the statement in the August 22, 2012 voicemail that Plaintiff knew that he was served properly was false.

## DAMAGES

29. "Defendants'" actions caused "Plaintiff" actual damages.

30. The "Plaintiff" has suffered and continues to suffer actual damages as a result of the forgoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment caused by the "Defendants."

FIRST CAUSE OF ACTION

(Violations of the FDCPA)

31. The "Plaintiff" incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants recorded a voicemail on or about August 22, 2012 on Plaintiff's telephone, falsely asserting that Plaintiff knew that he was served properly and that Plaintiff must pay the entire amount owed or he will be required to pay the entire $16,000 plus penalties, and that it is only a matter of time before Defendants collect on him, thereby, violating 15 USC 1692d, 15 USC § 1692e, and 15 USC § 1692f.

## SECOND CAUSE OF ACTION
(Violation of the GBL)

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state..." N.Y. Gen. Bus. Law § 349(h).

35. Defendants' deceptive acts complained of occurred during the course of Defendants' debt collection actions aimed at consumers.

36. Defendants' acts complained of confuse and deceive a broad category of New York consumers.

37. Defendants falsely stated that Plaintiff could be in contempt of court, falsely told Plaintiff's eleven year old daughter that Plaintiff could go to jail, falsely claimed to be the attorney for Citibank, falsely threatened to take Plaintiff's house, and called Plaintiff a deadbeat, thereby, violating N.Y. Gen. Bus. Law § 349(h).

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Enter judgment for the Plaintiff and against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    B. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages pursuant to FDCPA § 1692k(a)(1);

    C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Award the plaintiff actual damages, three times the actual damages, costs and reasonable attorneys fees pursuant to GBL § 349;

    E. Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

Dated: July 21, 2013
New York, New York

/s/ Michael Winfield
Michael Winfield, Esq.
THE WINFIELD FIRM
1178 Broadway, 303
New York, New York 10001
winfield@winfieldfirm.com
(646) 784-0251

Exhibit 1

DISTRICT COURT OF THE COUNTY OF SUFFOLK
FIRST DISTRICT: RONKONKOMA
-------------------------------------------------------------------X
MIDLAND FUNDING LLC DBA IN NEW YORK AS
MIDLAND FUNDING OF DELAWARE LLC
          PLAINTIFF,

-AGAINST-

MATTHEW IANNITELLI
          DEFENDANT(S).
-------------------------------------------------------------------X

CONSUMER CREDIT TRANSACTION

**INDEX NUMBER:** EC-11
C&S FILE NO. C480862

**007557**

## SUMMONS

PLAINTIFF'S ADDRESS:
8875 AERO DRIVE - STE 200
SAN DIEGO, CA 92123

THE BASIS OF THE VENUE IS
DEFENDANT'S RESIDENCE

*TO THE ABOVE NAMED DEFENDANT(S):*
    **YOU ARE HEREBY SUMMONED** AND REQUIRED TO APPEAR IN THE DISTRICT COURT OF THE COUNTY OF SUFFOLK, FIRST DISTRICT: RONKONKOMA, AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 3105 VETERANS MEMORIAL HWY, RONKONKOMA, NY 11779, IN THE COUNTY OF SUFFOLK, STATE OF NEW YORK, BY SERVING AN ANSWER TO THE ANNEXED COMPLAINT UPON PLAINTIFF'S ATTORNEY, AT THE ADDRESS STATED BELOW, OR IF THERE IS NO ATTORNEY, UPON THE PLAINTIFF AT THE ADDRESS STATED ABOVE, WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW;
    UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT, TOGETHER WITH COSTS OF THIS ACTION.

DATED: July 14, 2011

          *COHEN & SLAMOWITZ, LLP*
          ATTORNEYS FOR PLAINTIFF
          *P.O. BOX 9004, 199 CROSSWAYS PARK DR., WOODBURY, NY 11797-9004*
          (516) 686-8981; (800) 293-6006 ext. 8981; Refer to C&S File No. C480862

NOTE: THE LAW OR RULES OF LAW PROVIDE THAT:
    A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU, OR (FOR A CORPORATION) AN AGENT AUTHORIZED TO RECEIVE SERVICE, PERSONALLY WITHIN THE COUNTY OF SUFFOLK, YOU MUST ANSWER WITHIN TWENTY (20) DAYS AFTER SUCH SERVICE; OR
    B) IF THIS SUMMONS IS SERVED BY OTHERWISE THAN AS DESIGNATED IN SUBDIVISION (A) ABOVE, YOU ARE ALLOWED THIRTY (30) DAYS TO ANSWER AFTER THE PROOF OF SERVICE IS FILED WITH THE CLERK OF THIS COURT.
    C) YOU ARE REQUIRED TO FILE A COPY OF YOUR ANSWER TOGETHER WITH PROOF OF SERVICE WITH THE CLERK OF THE DISTRICT IN WHICH THE ACTION IS BROUGHT WITHIN TEN (10) DAYS OF THE SERVICE OF THE ANSWER.

DEFENDANTS TO BE SERVED:

**MATTHEW IANNITELLI, 551 WALNUT AVE, BOHEMIA NY 11716**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 ID3651868 PS Bulldog

DISTRICT COURT OF THE COUNTY OF SUFFOLK
FIRST DISTRICT: RONKONKOMA
-----------------------------------------------------------X
MIDLAND FUNDING LLC DBA IN NEW YORK AS
MIDLAND FUNDING OF DELAWARE LLC
                  PLAINTIFF,

INDEX NUMBER
C&S FILE NO. C480862

-AGAINST-

**COMPLAINT**

MATTHEW IANNITELLI
                DEFENDANT(S).
-----------------------------------------------------------X

    PLAINTIFF, BY ITS ATTORNEYS, COMPLAINING OF THE DEFENDANT(S), RESPECTFULLY ALLEGES THAT:

    1.    PLAINTIFF IS A FOREIGN LIMITED LIABILITY COMPANY.

    2.    UPON INFORMATION AND BELIEF, THE DEFENDANT(S) RESIDES OR HAS AN OFFICE IN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, OR THE DEFENDANT(S) TRANSACTED BUSINESS WITHIN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, EITHER IN PERSON OR THROUGH AN AGENT AND THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID TRANSACTION.

**AS AND FOR A FIRST CAUSE OF ACTION**

    3.    PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

    4.    PLAINTIFF'S PREDECESSOR IN INTEREST, CITIBANK USA, N.A (HEREINAFTER "ORIGINAL CREDITOR"), OFFERED TO OPEN A CREDIT CARD ACCOUNT, ACCOUNT NO.6035320488800465 (HEREINAFTER THE "ACCOUNT"), IN DEFENDANT'S NAME.

    5.    DEFENDANT ACCEPTED THE OFFER BY USING THE ACCOUNT.

    6.    DEFENDANT DEFAULTED BY FAILING TO REPAY THE BALANCE DUE UNDER THE ACCOUNT. DEMAND FOR PAYMENT WAS MADE, BUT DEFENDANT FAILED TO REPAY THE BALANCE OWED.

    7.    THE ORIGINAL CREDITOR SOLD THE ACCOUNT, INCLUDING ALL RIGHT, TITLE AND INTEREST IN AND TO THE OUTSTANDING BALANCE OWED BY DEFENDANT. PLAINTIFF PURCHASED THE ACCOUNT ON February 18, 2011 AND IS NOW THE OWNER AND ASSIGNEE OF THE ACCOUNT.

    8.    DEFENDANT(S) NOW OWE A BALANCE OF $14,957.82 AS OF June 5, 2011 WITH INTEREST FROM June 5, 2011, NO PART OF WHICH HAS BEEN PAID DESPITE DUE DEMAND THEREFOR.

Exhibit 2

At a Motion Term of the District
Court of the State of New York,
County of Suffolk

Hon. _____ Judge of the District Court

__Midland Funding LLC__ x
Plaintiff

__Matthew Iannitelli__ x
Defendant

CIVIL
ORDER TO SHOW CAUSE

Index No. __CEC-7557-11__

Upon the affidavit of __Matthew Iannitelli__, sworn to on the __7__ day of __August__, 20__12__ and upon all prior papers and proceedings,

Let the plaintiff show cause at a Motion Term of this Court to be held at the courthouse located at **District Court of Suffolk County 3105-1 Veterans Memorial Highway, Ronkonkoma, NY 11779** on the __4__ day of __September__, 20__12__, at 9:30 AM or as soon thereafter as the parties can be heard, why an order should not be entered vacating the default on appearance date and/or the judgment granted in favor of the plaintiff and setting the matter down for trial, and why the defendant should not have such other and further relief as may be just and proper.

Sufficient reason being presented for the relief requested it is,

Ordered, that pending the hearing of this motion, the Sheriff and the plaintiff and all his agents are stayed from conducting any proceedings to enforce the judgment, and further it is

Ordered, that the defendant serve a copy of this order on the plaintiff, or his attorney if one has been retained, at __Cohen + Slamowitz LLP 199 Crossways Park drive Woodbury NY 11757__ and the **Sheriff of Suffolk County at 360 Yaphank Avenue, Yaphank, NY 11980** by certified mail, return receipt requested by the __20__ day of __August__, 20__12__.

All papers the plaintiff desires to submit in opposition to the defendant's motion must be served on the defendant and forwarded to the court prior to the hearing date. **No personal appearance is required and no oral statements will be considered.**

Order signed at Ronkonkoma, N.Y.
Date __8/9/12__

**THIS ORDER TOGETHER WITH PROOF OF SERVICE MUST BE RETURNED TO THE CLERK'S OFFICE BY __Aug 27, 2012__**

Enter, _____
Hon. Judge of the District Court

State of New York
County of Suffolk

Affidavit in Support of Motion to
Vacate a Default Judgment

DISTRICT COURT OF THE COUNTY OF SUFFOLK
HELD AT RONKONKOMA, NEW YORK

MIDLAND Funding LLC
**Plaintiff**

INDEX NO. CEC-007557-11

MATTHEW Iannitelli
**Defendant**

MATTHEW Iannitelli being duly sworn, deposes and says:

1. I am the defendant in the above entitled action.

2. That I reside at 551 Walnut Ave Bohemia NY 11716

3. That this is an action for: Judgment credit + interest

4. That on the 13 day of January, 2012 a default judgment was entered by this court.

5. That the defendant did not appear/answer because: (STATE REASON)
I did not appear in court to defend myself because I was not served paper. The process server stated on 8/15/11 that a 70 year old man with white hair was served. There is no possible way I or anyone else who fits that description was served on 8/15/11 or any other date. My wife + I's grand parents are both deceased, her father has also passed 200_

6. That your defendant has a meritorious defense for the following reasons: (STATE THE FACTS WHICH SUPPORT YOUR DEFENSE IN AS MUCH DETAIL AS POSSIBLE AND ATTACH ANY SUPPORTING DOCUMENTATION THAT YOU MAY HAVE.)
my dad lives out of state. I have made payments to this account while trying to settle this dispute. for 2 years the creditor refuses to allow me to make payments I can afford. My wife has also been out of work for the past 2 years. We have 3 children and are behind on our mortgage. They call my house 6 times per day as early as 7:00am up until 10pm at night. They also call my place of business

7. No previous application for this relief has been made.

WHEREFORE, deponent respectfully requests an order vacating the judgment entered on the 13 day of January, 2012 or such further relief as may be just and proper.

Sworn to before me
8 day of Aug, 2012

_Karen Retter_
**CLERK/Notary Public, State of New York**

X _[signature]_
**Defendant**

Phone number 631-218-4983

#5 I DID NOT APPEAR IN court to answer the summons because I was not served. There is no possible way I or anyone else could of been served on January 13, 2012 at 1:20 pm. No one in my house fits the description of a 70 year old male with WHITE HAIR between the height 5'9 - 6'0 tall and from 161-200 LBS. I myself has dark hair and 36 years old. Both my wifes and I's grandparents are both deceased. My wife father passed away in 2004 and my father lives in another state and was not visiting at the time that this 70 year old male was served. They have lied to the court and all of the facts stated in this document can and will be proven. No one in or around my family fits the description nor was at my residence on January 13th, 2012 at 1:20 pm.

Thank you.

*[signature]*

MATTHEW Iannelli

*[signature]* Karen Ritter
Clerk 8/8/12

**DISTRICT COURT OF THE COUNTY OF SUFFOLK FIRST DISTRICT: RONKONKOMA**

**AFFIDAVIT OF SERVICE**



*26723*

Index no : CEC 007557-11
Date Index Number Purchased: 07/25/2011

| Plaintiff(s): | MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE LLC |
|---|---|
| Defendant(s): | MATTHEW IANNITELLI |

STATE OF NEW YORK
COUNTY OF NEW YORK    ss.:

Khalid Ibrahim, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 08/15/2011 at 1:20 PM, I served the within SUMMONS AND COMPLAINT on MATTHEW IANNITELLI at 551 WALNUT AVE, BOHEMIA, NY 11716 in the manner indicated below:

SUITABLE AGE: by delivering thereat a true copy of each to JOHN DOE, RELATIVE of MATTHEW IANNITELLI, a person of suitable age and discretion. Said premises is MATTHEW IANNITELLI's usual place of abode within the state.

On 08/17/2011, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant and defendant's last known residence, at 551 WALNUT AVE, BOHEMIA, NY 11716 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Male | White | Gray | 70 | 5"9"–6"0" | 161–200 lbs |
| Other Features: | | | | | |

I asked the person spoken to whether MATTHEW IANNITELLI was in the active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to and subscribed before me on 08/17/2011

Michaela Gremminger
Notary Public, State of New York
No. 01GR6232562
Qualified in New York
Commission Expires 12/13/14

X _____
Khalid Ibrahim
License#: 1277825
Bulldog Process Service LLC
590 Madison Ave Suite 2150
New York, NY 10022
212-521-4013
Atty File#: C480862

Exhibit 3

DC 255

# DISTRICT COURT OF SUFFOLK COUNTY

FIRST DISTRICT: RONKONKOMA

~~SMALL CLAIMS PART~~

MIDLAND FUNDING LLC

INDEX# OEC 11-807

CS# C480862

Plaintiff(s)

-against-

STIPULATION OF SETTLEMENT

MATTHEW IANNITELLI

Defendant(s)

It is hereby agreed by and between the parties hereto that this claim is settled for the sum of $ 7cm @ $100 per month to be paid, on or before December 15, 2012 and the 15th to Plaintiff, at _____ or as follows:

Cohen & Slamowitz LLP
PO BOX 9001  WOODBURY NY 11797-9001
Checks should be made out to MIDLAND FUNDING LLC.

Upon such payment, parties hereto shall be released from liability as to each other covering the matters in the within dispute.

In the event of default in payment by the Defendant(s), for fifteen (15) days, Plaintiff, upon presenting an affidavit setting forth such default, shall be entitled to enter judgment for the full amount of sued for, less any payments made, without further notice to the Defendant, together with costs and interest from _____, 20___.

Upon execution of stipulation judgment shall be vacated - any existing income/property executions are terminated forthwith.

_____ Plaintiff
Alex Romero ESQ.

_____ Defendant
Matthew Iannitelli

_____ Judge/Arbitrator

11/22/12

16-0391.. 08/02kd